IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-50-D

| | | |
|---|---|---|
| EDWIN R. ADDISON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KATHERYN B. MANNING, | ) | |
| | ) | |
| Appellee. | ) | |

Edwin R. Addison ("Addison") and Katheryn B. Manning ("Manning") have been fighting about money since their 2007 divorce. On September 19, 2013, Addison sued Manning in this court. See Complaint, Addison v. Manning, No. 5:13-CV-661-D (E.D.N.C. Sept. 19, 2013), [D.E. 1]. In Addison's complaint, he alleged nine claims under North Carolina law seeking to avoid his obligations under his separation agreement with Manning and one claim under federal law that any attempt by Manning to collect money under the separation agreement would violate a 2009 bankruptcy discharge order arising from Addison's Chapter 7 bankruptcy. See Complaint ¶¶ 113–89, Addison v. Manning, No. 5:13-CV-661-D (E.D.N.C. Sept. 19, 2013), [D.E. 1]; Discharge of Debtor, In re Addison, No. 09-5685-8-JRL (Bankr. E.D.N.C. Oct. 21, 2009), [D.E. 53]. Addison alleged in his complaint that this court has original jurisdiction over the dischargeability question under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(c) over his nine claims under North Carolina law concerning the separation agreement. See Complaint ¶¶ 3–4, Addison v. Manning, No. 5:13-CV-661-D (E.D.N.C. Sept. 19, 2013), [D.E. 1]. In response, Manning moved to dismiss Addison's complaint for lack of subject-matter jurisdiction. See Motion to Dismiss, Addison v. Manning, No. 5:13-CV-661-D (E.D.N.C. Oct. 18, 2013), [D.E. 7]; Fed. R.

Civ. P. 12(b)(1). Thereafter, Addison removed an action that Manning had filed against him in New Hanover District Court concerning his obligations under the separation agreement, and this court consolidated that removed action with the first action. See Manning v. Addison, No. 7:13-CV-276-D (E.D.N.C.); Order, Addison v. Manning, No. 5:13-CV-661-D (E.D.N.C. Mar. 6, 2014), [D.E. 21].

In an order filed on December 24, 2013, this court noted its jurisdiction to decide jurisdiction. See Order at 3, Addison v. Manning, No. 5:13-CV-661-D (E.D.N.C. Dec. 24, 2013), [D.E. 13]. The court also noted that the dischargeability question in Addison's federal claim would require the court "to analyze, inter alia, . . . 11 U.S.C. § 523(a)(5), the discharge order, and Addison's underlying bankruptcy case." Id. The court then referred the

> question of dischargeability to the United States Bankruptcy Court for the Eastern District of North Carolina ("bankruptcy court"). The bankruptcy court shall address whether the 2009 discharge order discharged Addison's obligations under the separation agreement and whether the 2009 discharge order bars Manning from seeking to collect under the separation agreement. If the 2009 discharge order did not discharge Addison's obligations under the separation agreement and the 2009 discharge order does not bar Manning from seeking to collect under the separation agreement, then this court will have to decide whether to exercise supplemental jurisdiction over Addison's nine state-law claims concerning the enforceability of the separation agreement. Cf. 28 U.S.C. § 1367(c)(3).

Id.

On March 4, 2015, the bankruptcy court responded to this court's reference. In a thorough seven-page order, the bankruptcy court concluded that Addison's debts in the separation agreement were not discharged in Addison's Chapter 7 bankruptcy case. See [D.E. 1-1]. On March 10, 2015, Addison filed a notice of appeal concerning the bankruptcy court's order. See [D.E. 1]. Thereafter, the parties briefed the appeal. See [D.E. 11, 13, 14].

The bankruptcy court possessed the constitutional authority to issue its March 2015 order, and this court has jurisdiction over the appeal. See, e.g., Wellness Int'l Network, Ltd. v. Sharif, 135

S. Ct. 1932, 1939–40 (2015); Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2170–75 (2014). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006).

The court has reviewed the bankruptcy court's March 2015 order, the record on appeal, and the briefs. The court agrees with the bankruptcy court's legal conclusion that Addison's debts in the separation agreement were not discharged in Addison's Chapter 7 bankruptcy case. Thus, the 2009 discharge order does not bar Manning from seeking to collect under the separation agreement. Furthermore, the bankruptcy court did not err in failing to hold an evidentiary hearing or in any other procedural or substantive way. Simply put, the bankruptcy court gave the parties an opportunity to be heard and then answered the questions that this court referred to the bankruptcy court on December 24, 2013.

In sum, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This __7__ day of August 2015.

JAMES C. DEVER III
Chief United States District Judge